Lopez, J.
The plaintiff, Eastern Enterprises (Eastern) brings this action against its insurer, Aetna Casualty and Surety Company (Aetna), to compel Aetna to defend Eastern against a claim by the Massachusetts Department of Environmental Protection (DEP) for environmental cleanup costs at the former Eastern Gas and Fuel coal distillation facility in Everett, Massachusetts.
Eastern now moves for partial summary judgment pursuant to Mass.R.Civ.P. 56(a) on Aetna’s duty to defend Eastern and the reimbursement of costs incurred by Eastern for its own defense up to this point.
FACTS
Eastern operated a gas and fuel coal distillation facility on Commercial Street in Everett from 1947 to 1960. In addition, Eastern leased a portion of its property to Koppers Company which operated a coal processing facility. Both Eastern and Koppers dismantled their facilities and ceased their operations in the early 1960s. The two Aetna insurance policies at issue here were effective from March 1, 1969 to March 1, 1970 and from March 1, 1970 to March 1, 1971.
The terms of the policies provide compensation to the insured for property damage caused by an occurrence.[3] An occurrence is defined in the polity as “an accident, including continuous or repeated exposure to conditions, which result during the policy period in ... property damage neither expected nor intended from the standpoint of the insured.” In addition, the polity states that Aetna “shall have the right and duty to defend any suit against the insured seeking damages on account of such . . . property damage, even if any of the allegations of the suit are groundless, false, or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient...”
On October 18, 1984, DEP sent a notice of responsibility (NOR) to Eastern pursuant to G.L.c. 21E. In the notice, DEP advised Eastern of its responsibility for the presence of coal tars in the soil at the former Eastern distillation facility and the “contaminants which have leached from these coal tars and are currently migrating into the Island End River.”
Five and one-half months later, on April 4, 1985, Eastern forwarded the NOR to Aetna. The cover letter accompanying this notice stated that Eastern was bringing to Aetna’s attention “a development which may result in a claim or claims against a policy or policies issued by [Aetna]." Aetna acknowledged receipt of “the claim” in a letter dated June 10, 1985 and agreed “to participate in the investigation of this claim” while reserving its rights to disclaim coverage. At some point between 1985 and 1991, Eastern hired private counsel in this matter. Counsel drafted a letter to Aetna on December 13, 1991 which it characterized as “a supplement to Eastern’s April 4,1985 notice and demand for defense and indemnity.”
The complaint in this matter was amended on August 11, 1993 to include a cause of action against Aetna asserting a duty to defend Eastern. In response, -Aetna claims that the damage occurred before the policy periods took effect on March 1969. Furthermore, Aetna argues that the property damage was expected and, thus, does not constitute an occurrence. Finally, Aetna submits that notice was both insufficient and untimely.
DISCUSSION
A duty to defend arises where the allegations of the complaint are “reasonably susceptible of an interpretation that they state or adumbrate a claim covered by the policy terms.” Trustees of Tufts University v. Commercial Union Ins. Co., 415 Mass. 844, 847 (1993), and cases cited. Both the express terms of the policy and the case law compel the insurer to defend even if the allegations are groundless, false or fraudulent.
Here, the allegations of the complaint are based on the NOR which stated that property damage occurred as a result of the operations of the Eastern distillation facility and that the contaminants were “currently migrating” into the river. As in Trustees of Tufts University v. Commercial Union Ins. Co., supra at 848, the property damage alleged here is the continued contamination caused by migrating contaminants which is occurring after the Eastern facility ceased operations. Therefore, the complaint alleges facts reasonably susceptible to an interpretation that property damage was occurring during the Aetna policy periods of 1969-1971.
The sole remaining issues are whether Eastern’s notification to Aetna of the potential claim over five months after it received notice from DEP was untimely *235 and whether the notice was sufficient to trigger the duty to defend. G.L.c. 175, §112 provides that an insurance company shall not deny coverage because of a failure of the insured to provide reasonable notice of an occurrence without a showing of prejudice to the insurance company. This statute, which was enacted in 1977, long before this cause of action arose, controls in this case. The NOR provided ample notice to Aetna of the possible claims against the Aetna policies. In fact, in response to the notification, Aetna agreed to investigate the allegations. Aetna has not alleged any prejudice caused by the delay in notification. Thus, this court finds the notice sufficient.
This Court, however, leaves open the question whether and the extent to which Eastern voluntarily incurred expenses for which Aetna would not be liable under the policy clause which provides that “the insured shall not, except at his own loss, voluntarily make any payment, assume any obligation or incur any expense . ..” Questions of fact remain as to this issue.
ORDER
It is therefore ORDERED that Aetna has a duty to defend Eastern from the filing of the amended complaint on August 11,1993 (at which time any assumption of legal obligations clearly ceased to be voluntary). Whether Eastern voluntarily incurred expenses before August 11, 1993 which would preclude recovery remains a question of fact.

 Each policy limited liability for property damage to $50,000.